# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FATIMA MUSTAFA and** | * | |
| **KAMAL MUSTAFA**, *Pro Se* | * | |
| | * | |
| Debtors-Appellants, | * | |
| | * | |
| v. | * | Civil No. **PJM 16-494** |
| | * | |
| **PENNYMAC CORP., BY PENNYMAC** | * | |
| **LOAN SERVICES, LLC, ITS** | * | |
| **SERVICING AGENT** | * | |
| Appellee | * | |

| | | |
|---|---|---|
| **FATIMA MUSTAFA and** | * | |
| **KAMAL MUSTAFA**, *Pro Se* | * | |
| | * | |
| Debtors-Appellants | * | |
| | * | |
| v. | * | Civil No. **PJM 16-523** |
| | * | |
| **PMT NPL FINANCING BY PENNYMAC** | * | |
| **LOAN SERVICES, LLC, ITS** | * | |
| **SERVICING AGENT** | * | |
| Appellee | * | |

## MEMORANDUM OPINION

*Pro Se* Debtor-Appellant Fatima Mustafa appeals four orders issued in a single bankruptcy proceeding, *In re Fatima Mustafa*, Ch. 13 Case No. TJC 15-20053 (Bankr. D. Md.), which have been docketed in this Court as four separate cases. *See* Civ. Nos. PJM 16-494, PJM 16-523, PJM 16-3828, PJM 16-4007. The first two appeals pertain to lift-stay orders with respect to post-foreclosure proceedings involving two separate properties; the other two appeals relate to orders dismissing the underlying bankruptcy, specifically:

- In Civ. No. PJM 16-494 *Mustafa v. PennyMac Corp., by Pennymac Loan Services, LLC, its servicing agent* ("Pennymac"), the Mustafas[1] seek relief from a lift-stay Order that would allow Pennymac to proceed with a post-foreclosure sale of residential property at 18306 Bubbling Spring Terrace, Boyds, Maryland ("Bubbling Spring property"). ECF No. 1-1. That property, originally purchased by the Mustafas on May 18, 2005, was sold in a foreclosure sale on October 17, 2014. ECF No. 9 at 7. The sale has not yet been ratified by the Circuit Court for Montgomery County. ECF No. 2-17.

- In Civ. No. PJM 16-523 *Mustafa v. PMT NPL Financing 2015-1 by Pennymac Loan Services, LLC, its servicing agent* ("PMT"), the Mustafas seek relief from a lift-stay Order allowing PMT to proceed with the eviction of the Mustafas from 14406 Autumn Branch Terrace, Boyds, Maryland ("Autumn Branch property), also residential property. ECF No. 1-1. The Mustafas originally purchased that property on May 5, 2005. ECF No. 203. It was sold in a foreclosure sale on May 14, 2014, which the Circuit Court for Montgomery County ratified on August 13, 2014. ECF No. 7 at 7.

- In Civ. No. PJM 16-3828 *Mustafa v. Branigan,* Fatima Mustafa seeks relief from the Bankruptcy Court's Order dismissing the proceeding. *See* ECF No. 1-1.

- In Civ. No PJM 16-4007 *Mustafa v. Branigan* ("Mustafa II"), Fatima Mustafa seeks relief from the Bankruptcy Court's Order denying her motion to reinstate the bankruptcy case. ECF No. 1-1.

---

[1] Fatima Mustafa is the only named debtor in this and the other three cases. Kamal Mustafa appears to have simply entered Civ. Nos. PJM 16-494 and PJM 16-523 as a Co-Appellant.

In this Opinion, the Court deals only with the appeals of the two lift-stay orders. For the reasons that follow, the Court **AFFIRMS** the Orders of the U.S. Bankruptcy Court for the District of Maryland in both cases.

## II.

The U.S. District Court has jurisdiction to review final decisions of the U.S. Bankruptcy Court under 28 U.S.C. § 158(a). The District Court reviews the Bankruptcy Court's conclusions of law *de novo* and findings of fact for clear error. *In re Merry-Go-Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005).

Fatima Mustafa filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Act on July 20, 2015, which was converted to a Chapter 13 proceeding on August 24, 2015. Civ. No. PJM 16-523, ECF No. 6 at 8. A stay of the post-foreclosure proceedings in state court with respect to both referenced properties was automatically imposed by the commencement of the bankruptcy proceeding, pursuant to 11 U.S.C. §362(a). Orders lifting automatic stays are final and appealable. *Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, 864 n. 4 (4th Cir. 2001).

 "On request of a party in interest," a Bankruptcy Judge may lift a stay automatically imposed by the commencement of a bankruptcy proceeding after notice and a hearing if, among other reasons, "the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization." 11 U.S.C. § 362 (d)(2). In this case, finding that the Mustafas neither had an equity in the properties and that properties were not necessary to an effective reorganization, Judge Catliota of the Bankruptcy Court filed a lift-stay order with respect to the Bubbling Spring property on February 10, 2016, following a hearing on February

1, 2016, Civ. No. PJM 16-494, ECF No. 1, and did the same with respect to the Autumn Branch

property on February 23, 2016, following a hearing on February 22, 2016. Civ. No. PJM 16-523,

ECF No. 1.

In both their appeals, the Mustafas argue that Judge Catliota erred in lifting the stays

because (1) neither Appellee had standing or was a "party in interest" and (2) the Mustafas, as

debtors, in fact, had equity in the Autumn Branch and Bubbling Spring properties.

The Court disagrees.

*a.      Party in Interest*

The term "party in interest" is not defined by the Bankruptcy Code, *In re Neals*, 459 B.R.

612, 616 (Bankr. D.S.C. 2011), and must be determined by a court "on a case-by-case basis with

reference to the interest asserted and how said interest is affected by the automatic stay." *In re*

*Woodberry*, 383 B.R. 373, 378 (Bankr. D.S.C. 2008)(*quoting In re Vieland,* 41 B.R. 134, 138

(Bankr.N.D.Ohio 1984)). A party must prove that it has standing to bring the motion – *i.e.,* that

"the plaintiff's personal stake in the lawsuit is sufficient to have a case or controversy to which

the federal judicial power may extend under Article III." *In re Ebersole*, 440 B.R. 690, 694

(Bankr. W.D. Va. 2010)(*internal citations omitted*). However, a party "need only present

evidence sufficient to present a colorable claim—not every piece of evidence that would be

required to prove a right to foreclose under a state law judicial foreclosure proceeding is

necessary." *In re Ebersole*, 440 B.R. 690, 694 (Bankr. W.D. Va. 2010)(*quoting In re Emrich,*

2009 WL 3816174, at *1 (Bankr.N.D.Cal.2009)).

In Civ. No. PJM 16-494, the Bankruptcy Court could reasonably conclude that Pennymac

was a "party in interest" with respect to the Bubbling Spring property.  In the foreclosure

proceeding before the Circuit Court for Montgomery County, Pennymac was listed as the buyer

of the Bubbling Spring property at the foreclosure sale. Civ. No. PJM 16-494, ECF No. 2-6.[2] In

addition, as the Bankruptcy Court found, Civ. No. PJM 16-494, ECF No. 4 at 8:3—8, Pennymac

is the holder in due course of a promissory note secured by a deed of trust on the Bubbling

Spring property, which is indorsed in blank, meaning that the instrument "becomes payable to

bearer and may be negotiated by transfer of possession alone until specially indorsed." Md. Code

Ann., Com. Law § 3-205. Furthermore, Pennymac apparently has possession of the secured note

on the property, clearly conveying standing and making Pennymac a "party in interest." *In re

Ebersole*, 440 B.R at 695.

In Civ. No. PJM 16-523, involving the Autumn Branch property, counsel for PMT stated

in a hearing before Judge Catliota that Pennymac, the buyer of the property in foreclosure,

subsequently conveyed its ownership interest to his client, PMT. Civ. No. PJM 16-523, ECF No.

2-3. The Bankruptcy Court found that PMT's assertion of ownership was sufficient to give the

company standing and make it a "party in interest" in the bankruptcy proceeding. Civ. No. PJM

16-494, ECF No. 3 at 9:22—24.

The Bankruptcy Court also found that since the debtors had and have no equity in the

property, as will be discussed *infra*, any party reasonably averring ownership would have

standing to move for a lift-stay that would permit the state court to determine the ownership of

the property. *Id.* The Court agrees with this conclusion.

But there is more "color" to PMT's standing than this.

---

[2] The "Copy of the Report of Sale and Affidavit of Fairness of Sale and Truth of Report" filed in state court by the Substitute Trustees following the sale says "[a]nd your Substitute Trustees sold said property unto PennyMac Corp., c/o PennyMac Loan Services, LLC, 6101 Condor Drive, Suite 200, Moorpark, CA 93021, title to be in the name of same, the purchaser at and for the sum of $605,000.00, the said purchaser(s) being at that price, the highest bidder therefor." Civ. No. PJM 16-494, ECF No. 2-6.

PMT's servicing agent in federal court – Pennymac Loan Services, LLC – is identical to Pennymac's servicing agent listed on the Substitute Trustee's deed in the foreclosure proceeding.[3] PMT most assuredly has a colorable interest in the property, but if, in fact, there is any viable challenge to its ownership, that can be (or should be or should have been) resolved in the state foreclosure proceeding.

The Mustafas' claim that Appellees lack standing is without merit. The Court **AFFIRMS** the holding of the Bankruptcy Court in this regard.

b.      *Equity in the Properties*

Whether a party has equity in a property is a question of fact and the judgment of a bankruptcy judge can only be overturned if it is clearly erroneous. *Estate Const. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 219 (4th Cir. 1994). Judge Catliota was not clearly erroneous in finding that debtors had no equity in the properties.

In his oral opinions justifying lifting of the stays, Judge Catliota found that the Mustafas lacked equity in both the Autumn Branch and the Bubbling Spring properties and that the properties were therefore unnecessary for effective reorganization. *See* Civ. No. PJM 16-523, ECF No. 3 at 7: 3—11("[T]hey hold a mere possessory interest [in the Autumn Branch property] . . . under those circumstances it certainly – there is no question, there is no equity in the property"); Civ. No. PJM 16-494, ECF No. 4 at 9:19—22 ("[O]nce the foreclosure sale occurs,

---

[3]The Substitute Trustee's Deed says "THIS DEED, is made this 14 day of November, 2014 by and between HOWARD N. BIERMAN, Substitute Trustee, hereinafter referred to as party of the first part, and PennyMac Corp., 6101 Condor Drive, Suite 200, Moorpark, CA 93021 c/o PennyMac Loan Services, LLC 6101 Condor Drive, Suite 200 Moorpark, CA 93021, hereinafter referred to as Grantee . . . Substitute Trustee . . . does grant unto the said Grantee, its successors and assigns, in fee simple, all of their interest in those pieces or parcels of land . . . ." Civ. No. PJM 16-523, ECF No. 2-3.

the Debtor loses the ability to rehabilitate the property and loses the equitable interest in the

property . . ."). The Court agrees.

In Maryland, the right of redemption is "divested by [a] valid foreclosure sale." *In re De*

*Souza*, 135 B.R. 793, 795 (Bankr. D. Md. 1991)(*quoting Butler v. Daum,* 245 Md. 447, 226

(1967)). This vests equitable title in the buyer "when the gavel falls." *In re Denny*, 242 B.R. 593,

596 (Bankr. D. Md. 1999). In this case, because foreclosure sales have taken place with respect

to both, *see* Civ. No. PJM 16-494, ECF No. 9 at 7 (Bubbling Spring property); Civ. No. PJM 16-

523, ECF No. 7 at 7 (Autumn Branch property), the Mustafas have no equity in either property.

Accordingly, the Court **AFFIRMS** Judge Catliota's judgment as to the lack of debtors'

equities in the property.

**III.**

For the forgoing reasons:

The Bankruptcy Court's Order Granting Motion for Relief from Automatic Stay and Co-

Debtor Stay to Proceed with Post-Foreclosure Sale Actions on Real Property, Civ. No. PJM 16-

494, ECF No. 1-1, with respect to the Bubbling Spring property is **AFFIRMED.**

The Bankruptcy Court's Order Modifying Stay to Proceed with Eviction, Civ. No. PJM

15-523, ECF No. 1-1, with respect to the Autumn Branch property, is **AFFIRMED.**

The Clerk is directed to **CLOSE** the following cases: Civ. Nos. PJM 16-494 and PJM 16-

523.

The Court will deal with the appeals in the two remaining cases in due time.


A separate Order will **ISSUE.**




                                                                         **/s/**

                                                            **PETER J. MESSITTE**

                                              **UNITED STATES DISTRICT JUDGE**

**March 29, 2017**